UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Steve St. Juliana, Personal Representative
of the Estate of Hana St. Juliana, deceased,
and Reina St. Juliana, a minor, by her Next
Friend Steve St. Juliana,

        Plaintiffs,                  Judge Terrence G. Berg

                                      Magistrate Judge Kimberly G. Altman

v                                      No. 22-10805

Oxford Community Schools, Timothy
Throne, Nicholas Ejak, Shawn Hopkins,
and Kenneth Weaver,

        Defendants.

_____/

| | |
|---|---|
| Michael L. Pitt (P24429) | Timothy J. Mullins (P28021) |
| Beth Rivers (P33614) | Kenneth B. Chapie (P66148) |
| Megan Bonanni (P52079) | John L. Miller (P71913) |
| Kevin Carlson (P67704) | Annabel F. Shea (P83750) |
| Danielle Canepa (P82237) | Giarmarco, Mullins & Horton, P.C. |
| Pitt, McGehee, Palmer Bonanni & Rivers, PC | *Attorneys for Defendants* |
| *Attorneys for Plaintiffs* | 101 W. Big Beaver Road, 10th Floor |
| 117 W. Fourth Street, Suite 200 | Troy, MI 48084-5280 |
| Royal Oak, MI 48067 | (248) 457-7020 |
| (248) 398-9800 | tmullins@gmhlaw.com |
| mpitt@pittlawpc.com | kchapie@gmhlaw.com |
| brivers@pittlawpc.com | jmiller@gmhlaw.com |
| mbonanni@pittlawpc.com | ashea@gmhlaw.com |
| kcarlson@pittlawpc.com | |
| dcanepa@pittlawpc.com | |

## **ANSWER**

Defendants, OXFORD COMMUNITY SCHOOLS, TIMOTHY THRONE,

NICHOLAS EJAK, SHAWN HOPKINS and KENNETH WEAVER, by and

through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., state their answer to Plaintiff's Complaint as follows:

## **INTRODUCTION**

Defendants deny the narrative statement contained in the "Introduction" to Plaintiffs' Complaint for the reason that the allegations contained therein are untrue and/or constitute erroneous and inaccurate conclusions of law, rather than allegations of fact. Furthermore, the narrative form of the statement is contrary to the form required by the rules of pleadings. Defendants move that the contents of the Introduction should be stricken and Plaintiffs should be left to their proofs thereon.

## **JURISDICTION AND VENUE**

1.     In answer to paragraph 1, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.

2.     In answer to paragraph 2, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.

3.     In answer to paragraph 3, Defendants neither admit nor deny the

allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.

4.     In answer to paragraph 4, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.

## PARTIES

5.     In answer to paragraph 5, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.

6.     In answer to paragraph 6, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

7.     In answer to paragraph 7, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

8.     In answer to paragraph 8, Defendants deny the allegations contained therein for the reason that they are untrue. Defendants affirmatively aver that Oxford

Community Schools is a Michigan Public School District performing a governmental function in Oakland County, Michigan, to wit, providing a public education to students within the district and, as such, the School is a governmental agency and is immune from suit herein.

9.      In answer to paragraph 9, Defendants deny the allegations contained therein for the reason that they are untrue.

10.      In answer to paragraph 10, Defendants admit that Timothy Throne is a citizen of the State of Michigan and has been employed for a period of time with the Oxford Community School District. Defendants deny the remaining allegations contained therein for the reason that they are untrue.

11.      In answer to paragraph 11, Defendants admit that Steven Wolf is a citizen of the State of Michigan and has been employed for a period of time with the Oxford Community School District. Defendants deny the remaining allegations contained therein for the reason that they are untrue.

12.      In answer to paragraph 12, Defendants admit that Nicholas Ejak is a citizen of the State of Michigan and has been employed for a period of time with the Oxford Community School District. Defendants deny the remaining allegations contained therein for the reason that they are untrue.

13.      In answer to paragraph 13, Defendants admit that Shawn Hopkins is a citizen of the State of Michigan and has been employed for a period of time with the

Oxford Community School District. Defendants deny the remaining allegations contained therein for the reason that they are untrue.

14.     In answer to paragraph 14, Defendants admit that Ken Weaver is a citizen of the State of Michigan and has been employed for a period of time with the Oxford Community School District. Defendants deny the remaining allegations contained therein for the reason that they are untrue.

## STATEMENT OF FACTS

**A.    Maintaining school safety and protecting students from deadly violence is an integral aspect of operating a school district and an integral job function of school administrators.**

15.     In answer to paragraph 15, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

16.     In answer to paragraph 16, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

17.     In answer to paragraph 17, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

18.     In answer to paragraph 18, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and,

therefore, leave Plaintiffs to their proofs.

19. In answer to paragraph 19, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.

20. In answer to paragraph 20, Defendants deny the allegations contained therein for the reason that they are untrue and constitute inaccurate allegations of fact and law and leave Plaintiff to their proofs thereon.

21. In answer to paragraph 21, Defendants deny the allegations contained therein for the reason that they are untrue and constitute inaccurate allegations of fact and law and leave Plaintiff to their proofs thereon.

**B.** **Defendants took affirmative acts that created and increased the danger of the school shooting at Oxford High School on November 30, 2021, resulting in the shooting death of several students, including Hana St. Juliana.**

22. In answer to paragraph 22, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

23. In answer to paragraph 23, Defendants deny the allegations contained therein for the reason that they are untrue.

24. In answer to paragraph 24, Defendants neither admit nor deny the

6

allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

25.     In answer to paragraph 25, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

26.     In answer to paragraph 26, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

27.     In answer to paragraph 27, Defendants deny that any information as alleged was concealed from staff and/or parents for the reason that said allegation is untrue. Defendants affirmatively aver that the matter regarding the bird's head was reported to the Oakland County Sheriff's Department and was investigated by said Department.  Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

28.     In answer to paragraph 28, Defendants deny that any information as alleged was concealed from staff and/or parents for the reason that said allegation is untrue. Defendants affirmatively aver that the matter regarding the bird's head was reported to the Oakland County Sheriff's Department and was investigated by said Department.  Defendants neither admit nor deny the remaining allegations contained

therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

29.     In answer to paragraph 29, Defendants deny the allegations contained therein for the reason that they are untrue.

30.     In answer to paragraph 30, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

31.     In answer to paragraph 31, Defendants reassert its response as set forth in paragraph 28. Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

32.     In answer to paragraph 32, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

33.     In answer to paragraph 33, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

34.     In answer to paragraph 34, Defendants deny the allegations contained therein for the reason that they are untrue.

35.     In answer to paragraph 35, Defendants deny the allegations contained

therein for the reason that they are untrue.

36.     In answer to paragraph 36, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

37.     In answer to paragraph 37, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

38.     In answer to paragraph 38, Defendants deny the allegations contained therein for the reason that they are untrue.

39.     In answer to paragraph 39, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

40.     In answer to paragraph 40, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

41.     In answer to paragraph 41, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

42.     In answer to paragraph 42, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and,

therefore, leave Plaintiffs to their proofs.

43.    In answer to paragraph 43, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

44.    In answer to paragraph 44, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

45.    In answer to paragraph 45, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

46.    In answer to paragraph 46, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

47.    In answer to paragraph 47, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

48.    In answer to paragraph 48, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

49.    In answer to paragraph 49, Defendants neither admit nor deny the

allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

50.    In answer to paragraph 50, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

51.    In answer to paragraph 51, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

52.    In answer to paragraph 52, Defendants deny the allegations contained therein for the reason that they are untrue.

53.    In answer to paragraph 53, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

54.    In answer to paragraph 54, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

55.    In answer to paragraph 55, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

56.    In answer to paragraph 56, Defendants neither admit nor deny the

allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

57.    In answer to paragraph 57, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

58.    In answer to paragraph 58, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

59.    In answer to paragraph 59, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

60.    In answer to paragraph 60, Defendants deny the allegations contained therein for the reason that they are untrue.

61.    In answer to paragraph 61, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

62.    In answer to paragraph 62, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

63.    In answer to paragraph 63, Defendants neither admit nor deny the

allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

64.     In answer to paragraph 64, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

65.     In answer to paragraph 65, Defendants deny the allegations contained therein for the reason that they are untrue.

66.     In answer to paragraph 66, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

67.     In answer to paragraph 67, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

68.     In answer to paragraph 68, Defendants deny the allegations contained therein for the reason that they are untrue.

69.     In answer to paragraph 69, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

70.     In answer to paragraph 70, Defendants deny the allegations contained therein for the reason that they are untrue.

71.     In answer to paragraph 71, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

72.     In answer to paragraph 72, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

73.     In answer to paragraph 73, Defendants deny the allegations contained therein for the reason that they are untrue.

74.     In answer to paragraph 74, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

75.     In answer to paragraph 75, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

76.     In answer to paragraph 76, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

77.     In answer to paragraph 77, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

78.     In answer to paragraph 78, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

79.     In answer to paragraph 79, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

80.     In answer to paragraph 80, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

81.     In answer to paragraph 81, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

82.     In answer to paragraph 82, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

83.     In answer to paragraph 83, Defendants deny the allegations contained therein for the reason that they are untrue.

84.     In answer to paragraph 84, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

85.   In answer to paragraph 85, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

86.   In answer to paragraph 86, Defendants deny the allegations contained therein for the reason that they are untrue.

87.   In answer to paragraph 87, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

88.   In answer to paragraph 88, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

89.   In answer to paragraph 89, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

90.   In answer to paragraph 90, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

91.   In answer to paragraph 91, Defendants deny the allegations contained therein for the reason that they are untrue.

92.   In answer to paragraph 92, Defendants deny the allegations contained

therein for the reason that they are untrue.

93.    In answer to paragraph 93, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

94.    In answer to paragraph 94, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

95.    In answer to paragraph 95, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

96.    In answer to paragraph 96, Defendants deny the allegations contained therein for the reason that they are untrue.

97.    In answer to paragraph 97, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

98.    In answer to paragraph 98, Defendants deny the allegations contained therein for the reason that they are untrue.

99.    In answer to paragraph 99, Defendants deny the allegations contained therein for the reason that they are untrue.

100.   In answer to paragraph 100, Defendants deny the allegations contained

therein for the reason that they are untrue.

101.   In answer to paragraph 101, Defendants deny the allegations contained therein for the reason that they are untrue.

102.   In answer to paragraph 102, Defendants deny the allegations contained therein for the reason that they are untrue.

103.   In answer to paragraph 103, Defendants deny the allegations contained therein for the reason that they are untrue.

104.   In answer to paragraph 104, Defendants deny the allegations contained therein for the reason that they are untrue.

105.   In answer to paragraph 105, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

106.   In answer to paragraph 106, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

107.   In answer to paragraph 107, Defendants deny the allegations contained therein for the reason that they are untrue.

108.   In answer to paragraph 108, Defendants deny the allegations contained therein for the reason that they are untrue.

109.   In answer to paragraph 109, Defendants deny the allegations contained

therein for the reason that they are untrue.

110.   In answer to paragraph 110, Defendants deny the allegations contained therein for the reason that they are untrue.

111.   In answer to paragraph 111, Defendants deny the allegations contained therein for the reason that they are untrue.

112.   In answer to paragraph 112, Defendants deny the allegations contained therein for the reason that they are untrue.

113.   In answer to paragraph 113, Defendants deny the allegations contained therein for the reason that they are untrue.

114.   In answer to paragraph 114, Defendants deny the allegations contained therein for the reason that they are untrue.

115.   In answer to paragraph 115, Defendants deny the allegations contained therein for the reason that they are untrue.

116.   In answer to paragraph 116, Defendants deny the allegations contained therein for the reason that they are untrue.

117.   In answer to paragraph 117, Defendants deny the allegations contained therein for the reason that they are untrue.

118.   In answer to paragraph 118, Defendants deny the allegations contained therein for the reason that they are untrue.

119.   In answer to paragraph 119, Defendants deny the allegations contained

therein for the reason that they are untrue.

**C.    In accordance with its illegal policies, practices, and customs, the District engages in a concerted cover story to deflect responsibility for the Oxford High School Shooting.**

120.   In answer to paragraph 120, Defendants deny the allegations contained therein for the reason that they are untrue.

121.   In answer to paragraph 121, Defendants deny the allegations contained therein for the reason that they are untrue.

122.   In answer to paragraph 122, Defendants deny the allegations contained therein for the reason that they are untrue.

123.   In answer to paragraph 123, Defendants deny the allegations contained therein for the reason that they are untrue.

124.   In answer to paragraph 124, Defendants deny the allegations contained therein for the reason that they are untrue.

125.   In answer to paragraph 125, Defendants deny the allegations contained therein for the reason that they are untrue.

126.   In answer to paragraph 126, Defendants deny the allegations contained therein for the reason that they are untrue.

127.   In answer to paragraph 127, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

20

128.   In answer to paragraph 128, Defendants deny the allegations contained therein for the reason that they are untrue.

129.   In answer to paragraph 129, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

130.   In answer to paragraph 130(a) – (d), Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

### CAUSES OF ACTION

#### COUNT I
#### STATE-CREATED DANGER —42 U.S.C. § 1983
#### Estate of Hana St. Juliana vs. Ejak and Hopkins

131.   In answer to paragraph 131, Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 130 inclusive, as if fully set forth herein.

132.   In answer to paragraph 132, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.

133.   In answer to paragraph 133, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law,

rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.

134.   In answer to paragraph 134, Defendants deny the allegations contained therein for the reason that they are untrue.

135.   In answer to paragraph 135, Defendants deny the allegations contained therein for the reason that they are untrue.

136.   In answer to paragraph 136, Defendants deny the allegations contained therein for the reason that they are untrue.

137.   In answer to paragraph 137, Defendants deny the allegations contained therein for the reason that they are untrue.

138.   In answer to paragraph 138, Defendants deny the allegations contained therein for the reason that they are untrue.

139.   In answer to paragraph 139, Defendants deny the allegations contained therein for the reason that they are untrue.

140.   In answer to paragraph 140 (a) – (d), Defendants deny the allegations contained therein for the reason that they are untrue.

141.   In answer to paragraph 141, Defendants deny the allegations contained therein for the reason that they are untrue.

142.   In answer to paragraph 142, Defendants deny the allegations contained therein for the reason that they are untrue.

143.   In answer to paragraph 143, Defendants deny the allegations contained therein for the reason that they are untrue.

144.   In answer to paragraph 144, Defendants deny the allegations contained therein for the reason that they are untrue.

145.   In answer to paragraph 145, Defendants deny the allegations contained therein for the reason that they are untrue.

146.   In answer to paragraph 146, Defendants deny the allegations contained therein for the reason that they are untrue.

147.   In answer to paragraph 147, Defendants deny the allegations contained therein for the reason that they are untrue.

148.   In answer to paragraph 148, Defendants deny the allegations contained therein for the reason that they are untrue.

149.   In answer to paragraph 149, Defendants deny the allegations contained therein for the reason that they are untrue.

150.   In answer to paragraph 150, Defendants deny the allegations contained therein for the reason that they are untrue.

151.   In answer to paragraph 151, Defendants deny the allegations contained therein for the reason that they are untrue.

152.   In answer to paragraph 152, Defendants deny the allegations contained therein for the reason that they are untrue.

## COUNT II

### STATE-CREATED DANGER —*MONELL* LIABILITY UNDER
### 42 U.S.C. § 1983
### Estate of Hana St. Juliana vs. Oxford Community School District

153.   In answer to paragraph 153, Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 152 inclusive, as if fully set forth herein.

154.   In answer to paragraph 154 (a) – (k), Defendants deny the allegations contained therein for the reason that they are untrue.

155.   In answer to paragraph 155, Defendants deny the allegations contained therein for the reason that they are untrue.

### COUNT III
### PROSPECTIVE EQUITABLE AND INJUNCTIVE RELIEF
### 14TH AMENDMENT DUE PROCESS AND 42 U.S.C. § 1983
### Plaintiff Reina St. Juliana vs. Defendant Ken Weaver

156.   In answer to paragraph 156, Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 155 inclusive, as if fully set forth herein.

157.   In answer to paragraph 157, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

158.   In answer to paragraph 158, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and,

therefore, leave Plaintiffs to their proofs.

159.   In answer to paragraph 159, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.

160.   In answer to paragraph 160, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.

161.   In answer to paragraph 161, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.

162.   In answer to paragraph 162, Defendants deny the allegations contained therein for the reason that they are untrue.

163.   In answer to paragraph 163, Defendants deny the allegations contained therein for the reason that they are untrue.

164.   In answer to paragraph 164, Defendants deny the allegations contained therein for the reason that they are untrue.

165.   In answer to paragraph 165, Defendants deny the allegations contained

therein for the reason that they are untrue.

166.   In answer to paragraph 166 (a) – (e), Defendants deny the allegations contained therein for the reason that they are untrue.

167.   In answer to paragraph 167 (a) – (i), Defendants state that Plaintiffs' requested equitable and injunctive relief in all its subparts should be denied for the reason that no requisite showing in law or in fact for the issuance of such injunctive relief has been established  by Plaintiffs herein.

**COUNT IV**
**GROSS NEGLIGENCE**
**Estate of Hana St. Juliana vs. Throne, Wolf, Ejak, and Hopkins**

168.   In answer to paragraph 168, Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 167 inclusive, as if fully set forth herein.

169.   In answer to paragraph 169, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

170.   In answer to paragraph 170, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.

171.   In answer to paragraph 171, Defendants neither admit nor deny the

allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.

172.   In answer to paragraph 172, Defendants deny the allegations contained therein for the reason that they are untrue.

173.   In answer to paragraph 173, Defendants deny the allegations contained therein for the reason that they are untrue.

174.   In answer to paragraph 174, Defendants deny the allegations contained therein for the reason that they are untrue.

175.   In answer to paragraph 175, Defendants deny the allegations contained therein for the reason that they are untrue.

176.   In answer to paragraph 176, Defendants deny the allegations contained therein for the reason that they are untrue.

177.   In answer to paragraph 177, Defendants deny the allegations contained therein for the reason that they are untrue.

178.   In answer to paragraph 178, Defendants deny the allegations contained therein for the reason that they are untrue.

179.   In answer to paragraph 179, Defendants deny the allegations contained therein for the reason that they are untrue.

180.   In answer to paragraph 180, Defendants deny the allegations contained

therein for the reason that they are untrue.

181.   In answer to paragraph 181, Defendants deny the allegations contained therein for the reason that they are untrue.

## **RELIEF REQUESTED**

182.   In answer to paragraph 182,  Defendants, OXFORD COMMUNITY SCHOOLS, TIMOTHY THRONE, NICHOLAS EJAK, SHAWN HOPKINS and KENNETH WEAVER , respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants

DATED: May 27, 2022

## **AFFIRMATIVE DEFENSES**

Defendants, OXFORD COMMUNITY SCHOOLS, TIMOTHY THRONE, NICHOLAS EJAK, SHAWN HOPKINS and KENNETH WEAVER, by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., state their Affirmative Defenses as follows:

1.     Defendants deny that they breached any duties and, further, deny that they were negligent in any manner. Defendants affirmatively state that they were guided by and strictly observed all legal duties and obligations imposed by operation

of law and otherwise. Further, all actions of their agents, servants and/or employees were careful, prudent, proper and lawful.

2.     Plaintiffs have failed to state a claim or cause of action against these Defendants as to which relief can be granted as prayed.

3.     Defendants will show and rely upon at the time of trial that any injury or damage complained of by Plaintiffs was proximately caused by third persons not under the control of these Defendants.

4.     Defendants will show and rely upon at the time of trial that at all times pertinent hereto, Defendants were engaged in the performance of governmental functions and, therefore, are statutorily immune from suit for civil damages for this claim pursuant to the principles of governmental immunity as set forth in case law and the statutes of this State.

5.     Plaintiffs' claims are barred by the doctrine of preemption.

6.     Defendants will show at the time of trial that all actions or communications complained of in Plaintiffs' Complaint were absolutely or qualifiedly privileged pursuant to the Constitutions, statutes and common law of the State of Michigan and of the United States and, further, that Defendants are both statutorily immune and the claims as to the Defendants are also barred by qualified immunity.

7.      Defendants are not liable to Plaintiffs for the criminal, assaultive acts of third parties.

8.      This Court lacks jurisdiction over the subject matter of Plaintiffs' Complaint.

9.      Plaintiffs' claim is barred by the Michigan Revised School Code.

10.     Plaintiffs' Complaint is conclusory in nature and fails to state a claim and sufficient facts upon which relief can be granted.

11.     Defendants will show that Plaintiffs have failed to prove any deprivation of a Federal right, nor have Plaintiffs alleged or proven an act of deprivation taken under color of law sufficient to maintain an action based upon the Fourteenth Amendment or 42 USC §1983, § 1988 or the Michigan constitution or statutes.

12.     Plaintiffs have failed to mitigate their damages.

13.     Plaintiffs' Complaint is barred by the provisions of the Eleventh Amendment.

14.     Plaintiffs' claim is barred by claim and issue preclusion.

15.     Plaintiff's claims against Defendants failed because Plaintiffs cannot show that Defendants acted with deliberate indifference regarding Plaintiff's allegations of injury.

16.     Defendants have not violated any clearly established constitutional or statutory right.

17.     As a matter of law, OXFORD COMMUNITY SCHOOLS cannot be held vicariously liable for its employees' actions.

18.     Plaintiffs' claim fails as a matter of law and fact because Defendants were not required to protect Plaintiffs from the violence or other mishaps that are not directly attributable to the conduct of its employees.

19.     Plaintiffs' claims are barred by qualified immunity.

20.     Plaintiffs' claims are barred by statutory governmental immunity under the Governmental Tort Liability Act (GTLA).

21.     Plaintiffs' claims are barred by the doctrine of Legislative immunity.

22.     Defendants will show and rely upon the fact that Plaintiffs have failed to exercise and exhaust their administrative remedies with regard to their complaints of Defendants' claimed failure to provide them with a free and appropriate public education and as to any claimed injury resulting therefrom.

23.     Defendants reserve the right to amend their Answer, including additional affirmative defenses, upon completion.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants

DATED: May 27, 2022

31

## **RELIANCE UPON JURY DEMAND**

Defendants, OXFORD COMMUNITY SCHOOLS, TIMOTHY THRONE, NICHOLAS EJAK, SHAWN HOPKINS and KENNETH WEAVER, by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., hereby rely upon the jury demand previously filed by Plaintiff as to all issues of trial.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants

DATED: May 27, 2022

## **CERTIFICATE OF ELECTRONIC SERVICE**

TIMOTHY J. MULLINS states that on May 27, 2022, he did serve a copy of the **Answer, Affirmative Defenses and Reliance Upon Jury Demand** via the United States District Court electronic transmission.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021