# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STEVE ST. JULIANA, personal representative
of the estate of HANA ST. JULIANA, deceased,
and REINA ST. JULIANA, a minor,
by her Next Friend STEVE ST. JULIANA,

    Plaintiffs,                                    Case No. 2:22-cv-10805

v.                                                      Hon. Mark A. Goldsmith

OXFORD COMMUNITY SCHOOL DISTRICT,
TIMOTHY THRONE, former Superintendent,
NICHOLAS EJAK, Dean of Students,
STEVEN WOLF, Principal,
SHAWN HOPKINS, Student Counselor, and
KENNETH WEAVER, Superintendent,
in his official capacity,

    Defendants.
_____/

| | |
|---|---|
| MICHAEL L. PITT (P24429) | TIMOTHY J. MULLINS (P28021) |
| BETH RIVERS (P33614) | KENNETH B. CHAPIE (P66148) |
| MEGAN BONANNI (P52079) | JOHN L. MILLER (P71913) |
| KEVIN CARLSON (P67704) | ANNABEL F. SHEA (P83750) |
| DANIELLE CANEPA (P82237) | Giarmarco, Mullins & Horton, P.C. |
| Pitt, McGehee, Palmer, Bonanni & Rivers | Attorneys for Defendants, Oxford Community |
| Attorneys for Plaintiffs | Schools, Timothy Throne, Steven Wolf, |
| 117 W. Fourth Street, Suite 200 | Nicholas Ejak, and Shawn Hopkins |
| Royal Oak, Michigan 48067 | 101 W. Big Beaver Road, 10th Floor |
| (248) 398-9800 | Troy, MI 48084-5280 |
| mpitt@pittlawpc.com | (248) 457-7020 |
| brivers@pittlawpc.com | tmullins@gmhlaw.com |
| mbonanni@pittlawpc.com | kchapie@gmhlaw.com |
| kcarlson@pittlawpc.com | jmiller@gmhlaw.com |
| dcanepa@pittlawpc.com | ashea@gmhlaw.com |

_____/

## **JOINT DISCOVERY PLAN**

1

Pursuant to Rule 26(f), Fed. R. Civ. P., the parties submit the following Joint Discovery Plan.

1. **Related Cases**

There are other pending state and federal actions concerning the subject matter raised in the complaint. Currently, the following cases are pending concerning the subject matter raised in Plaintiff's Complaint:

> *Franz et. al.* v. *Oxford Community School District et al.,* Case No.: 2:21-cv-12871-MAG-APP. This case was filed on December 9, 2022. It is currently pending before this Court.
>
> *William Myre et. al.* v. *Pam Parker Fine, et al.,* Case No. 2:22-192262-NO, is currently pending before Circuit Judge Rae Lee Chabot, in Oakland County Circuit Court.
>
> *Asciutto et al. v. Oxford Community School District, et al.,* Case No. 2:22-cv-10407-TGB-KGA. This case was filed on 2/24/2022, and it is currently pending before this Court.
>
> *William Myre et. Al. v. Oxford Community School District et al.,* Case No.: 2:22-cv-11113-JEL-JJCG. This case was filed on 5/22/2022, and it is currently pending before this Court.
>
> *Nicole Beausoleil, Personal Representative of the Estate of Madisyn Baldwin v. Oxford Community School District et al.,* Case No.: 2:22-cv-11250-MAG-DRE. This case was filed on 6/07/2022, and it is currently pending before this Court.
>
> *Kylie Ossege v. Oxford Community School District et at.,* Case No. 2:22-cv-11251-MFL-CI. This case was filed on 6/07/2022, and it is currently pending before this Court.

## 2. Jurisdiction

This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4) and 42 U.S.C § 1983. The Court has supplemental jurisdiction over Plaintiffs' state law claim for gross negligence under 28 USC § 1367.

## 3. Factual Summary

This action arises out of the mass shooting at Oxford High School on November 30, 2021. Four students died in the shooting, including fourteen-year-old Hana St. Juliana, and seven others were seriously physically injured. Hana's sister, sixteen-year-old Reina St. Juliana, was present in a nearby hallway and survived the shooting. Prior to the shooting, Defendants were aware of the dangers posed by the shooter ("John Doe"), a tenth-grade student at Oxford High School, and also knew that Doe was suicidal. On the morning of the shooting, after Doe drew a violent and disturbing words and images on an assignment. Defendants Hopkins and Ejak secured Doe in the safe confines of the school counseling office, but released him to return to class with the backpack containing the handgun that he used to commit the shooting.

Plaintiffs Steve St. Juliana, the father of Hana St. Juliana and personal representative of her estate, and Hana's sister, Reina St. Juliana, filed this action on

April 14, 2022. (ECF No. 1). Plaintiffs allege that Defendants Timothy Throne, Steven Wolf, Shawn Hopkins, and Nicholas Ejak affirmatively created and exacerbated a state-created danger that substantially increased the special danger of harm to Hana St. Juliana and her classmates at the school, and in doing so knowingly and recklessly disregarded the substantial risk of danger that Doe posed to himself and others.  Since the shooting, the Oxford Community School District and its administrators have manufactured a cover story to justify the decision to release Doe from the safety and security of the counseling office, where he was safely supervised and where his movement and actions were restricted, and returned him to class, despite knowing that he was in throes of a mental health crisis, obsessed with guns and gun violence, had access to firearms, and was determined to be a threat to himself and others.

Defendants deny all allegations and wrongdoing. Defendants assert that Plaintiffs cannot establish a constitutional violation. Additionally, Defendant Ejak and Defendant Hopkins are entitled to qualified immunity. As to Plaintiffs' claim of gross negligence against Defendant Throne, Defendant Wolf, Defendant Ejak, and Defendant Hopkins, Plaintiffs cannot establish that their actions rose to the level of gross negligence or that they were "the" proximate cause of Plaintiffs' injuries. Thus, Defendant Throne, Defendant Wolf, Defendant Ejak, and Defendant Hopkins are entitled to governmental immunity.  To the extent Plaintiffs seek injunctive relief

regarding an independent review, this request is moot. Furthermore, to the extent Plaintiffs' request for equitable and injunctive relief is based on an alleged denial of a Free and Appropriate Public Education (FAPE), Plaintiffs must exhaust administrative remedies.

    **4.    Legal Issues**

Plaintiffs do not anticipate filing a motion for summary judgment following the conclusion of discovery at this time but will raise any issues in this regard as they may arise. Plaintiffs believe motions in limine and/or evidentiary hearings may be necessary to ensure the reliability and relevancy of proposed evidence and/or testimony.

Defendants anticipate filing a Motion for Consolidation to consolidate this case with Case Nos.: 2:22-cv-10407-TGB-KGA, 2:22-cv-11113-JEL-JJCG, 2:21-cv-12871-MAG-APP, 2:22-cv-11250-MAG-DRE, and 2:22-cv-11251-MFL-CI for purposes of conducting discovery only. Plaintiffs do not oppose consolidation for purposes of discovery and pre-trial matters only.

Defendants anticipate filing a motion for protective order should discovery disputes arise with regard to discovery of privileged and confidential material. Defendants also anticipate filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(c) and a Motion for Summary Judgment at the conclusion of discovery.

**5.     Amendment of the Pleadings:**

As of the submission of this proposed discovery plan, Plaintiffs do not intend to file an amended complaint. Plaintiffs reserve the right to amend their complaint as discovery and investigation of this matter proceed further.

Defendants anticipate filing a Motion to Consolidate this case with Case Nos.: 2:22-cv-10407-TGB-KGA, 2:22-cv-11113-JEL-JJCG, 2:21-cv-12871-MAG-APP, 2:22-cv-11250-MAG-DRE, and 2:22-cv-11251-MFL-CI for purposes of conducting discovery only. Plaintiffs do not oppose consolidation for purposes of discovery and pre-trial matters only.

**6.     Discovery**

Plaintiffs expect to pursue discovery regarding all fact allegations and on any other topics that may become relevant. At this stage, Plaintiffs intend to seek early discovery regarding Defendants' insurance coverage and to serve subpoenas to law enforcement agencies to develop the factual timeline on the day of the shooting and in the time period preceding the shooting. Expert witnesses may be utilized regarding liability and damages. Plaintiffs do not anticipate changes to the limitations on discovery imposed by the Federal and Local Rules but will cooperate in good faith on all discovery matters. Plaintiffs may propose a stipulated protective order governing the exchange of confidential information such as private medical information.

Discovery has not yet commenced. At this point, there are no discovery disputes between the Parties.

### 7. Joint Proposed Scheduling Order Dates

The parties jointly propose the following dates for the Scheduling Order.

| | |
|---|---|
| Initial disclosures: | July 21, 2022 |
| Lay Witness List: | February 9, 2023 |
| Exhibit List: | February 9, 2023 |
| Expert Witness List & Disclosures (Plaintiffs): | February 9, 2023 |
| Expert Witness List & Disclosures (Defendants): | March 9, 2023 |
| Discovery (Fact & Expert): | March 23, 2023 |
| Early Settlement Conference: | Defer to the Court |
| Dispositive Motions & Motions to Limit/Exclude Expert Testimony | Defer to the Court |
| All Other Motions: | May 25, 2023 |
| Settlement Conference: | Defer to the Court |
| Joint Final Pretrial Order: | Defer to the Court |
| Trial Date: | Defer to the Court |

### 7. Electronic Discovery:

Plaintiffs do not anticipate any unusual issues with electronic discovery at this time but will raise any issues in accordance with the Federal Rules should they arise. Plaintiffs agree to consult and discuss the Eastern District's Model ESI Order for the Discovery of any electronically stored information.

Defendants do not anticipate any unusual issues with electronic discovery at this time but will raise any issues in accordance with the Federal Rules of Civil Procedure.

**8.      Settlement:**

The Parties are willing to discuss settlement at any time. Following a telephone conference with the Court on February 13, 2022, the parties in this action and related cases have begun to discuss early facilitation, potentially as part of a global settlement involving all pending claims and have agreed to the selection of Kara Tertzag Lividini as a mediator.

**9.      Consent:**

The parties do not consent to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this civil action (including a jury trial) and to order the entry of a final judgment, as provided in 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

**10.     Trial**

The parties estimate that trial may last twelve (12) days.

**11.     Miscellaneous**

As discussed on the recent status conference before Judge Goldsmith (*see* Minute Entry, Jun. 13, 2022), the parties are interested to discuss a consolidated discovery plan for all related cases.

Respectfully submitted,

| | |
|---|---|
| */s/ Michael L. Pitt (P24429)* | */s/ Timothy J. Mullins (P28021) w/ permission* |
| MICHAEL L. PITT (P24429) | TIMOTHY J. MULLINS (P28021) |
| BETH RIVERS (P33614) | KENNETH B. CHAPIE (P66148) |
| MEGAN BONANNI (P52079) | JOHN L. MILLER (P71913) |
| KEVIN CARLSON (P67704) | ANNABEL F. SHEA (P83750) |
| DANIELLE CANEPA (P82237) | Giarmarco, Mullins & Horton, P.C. |
| Pitt, McGehee, Palmer, Bonanni & Rivers | Attorneys for Defendants, Oxford Community |
| Attorneys for Plaintiffs | Schools, Timothy Throne, Steven Wolf, |
| 117 W. Fourth Street, Suite 200 | Nicholas Ejak, and Shawn Hopkins |
| Royal Oak, Michigan 48067 | 101 W. Big Beaver Road, 10th Floor |
| (248) 398-9800 | Troy, MI 48084-5280 |
| mpitt@pittlawpc.com | (248) 457-7020 |
| brivers@pittlawpc.com | tmullins@gmhlaw.com |
| mbonanni@pittlawpc.com | kchapie@gmhlaw.com |
| kcarlson@pittlawpc.com | jmiller@gmhlaw.com |
| dcanepa@pittlawpc.com | ashea@gmhlaw.com |

Date: June 16, 2022